# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**HENRY D. MARTINEZ**,

      Plaintiff,

vs.                                     No.    **CIV-03-224 MCA/LCS**

**PUEBLO OF SANTA ANA**, dba
**SANTA ANNA STAR CASINO**,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court pursuant to Defendants' *Motion and Notice of Motion to Dismiss on Behalf of the Pueblo of Santa Ana* [Doc. No. 3] filed on March 13, 2003. Having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court finds that this action must be dismissed with prejudice based on Defendant's sovereign immunity and Plaintiff's failure to state a claim upon which relief may be granted under 42 U.S.C. § 1984 or the Americans with Disabilities Act. Accordingly, Defendant's motion is granted.

**I.**      **BACKGROUND**

This action commenced on February 19, 2003, when Plaintiff filed his *Complaint for Unlawful Discrimination and Violation of Civil Rights* in this Court. Plaintiff's *Complaint* alleges that he is a New Mexico resident who has a disability within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 to 12213, and that Defendant "is

a Native American tribe and pueblo recognized by and existing under the law and treaties of the United States." (*Compl.* ¶ 2.) Plaintiff further alleges that Defendant has banned him from the Santa Ana Star Casino in violation of the ADA and 42 U.S.C. § 1984.

On March 13, 2003, Defendant moved to dismiss Plaintiff's *Complaint* on the following grounds. First, Defendant asserts that this Court lacks subject-matter jurisdiction over this action based on the sovereign immunity to which Defendant is entitled by virtue of its status as a federally recognized Indian tribe. Second, Defendant asserts that Plaintiff's *Complaint* fails to state a claim upon which relief may be granted under the ADA because that statute does not apply to Defendant and does not provide for monetary damages. Third, Defendant claims that 42 U.S.C. § 1984 does not provide Plaintiff with a cause of action or a basis for invoking this Court's jurisdiction. Finally, Defendant asserts that the Santa Ana Star Casino is operated by a separate, federally-chartered corporate entity called "Tamaya Enterprises, Inc." (TEI), and that TEI is a necessary and indispensable party that cannot be joined pursuant to Fed. R. Civ. P. 19.

## II.   ANALYSIS

### A.   Standards of Review

In determining whether Plaintiff's *Complaint* is sufficient to survive a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court construes Plaintiff's pleading liberally, accepts all uncontroverted, well-pleaded factual allegations as true, and views all reasonable inferences in Plaintiff's favor. See Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). Although the general rule

is that a dismissal for lack of subject-matter jurisdiction is without prejudice, such a dismissal may be with prejudice when sovereign immunity provides an absolute bar to litigating the claim. See Tippett v. United States, 108 F.3d 1194, 1199 (10th Cir. 1997); Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988).

Dismissal of a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir.1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991). Accordingly, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. GFF Corp., 130 F.3d at 1384.

"In addition to the complaint, the . . . [C]ourt may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002). Thus, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp., 130 F.3d at 1384. The Court "'may also

take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment." Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

To the extent that Defendant's motion refers to other material outside of the pleadings, the motion may be reviewed as one for summary judgment pursuant to Fed. R. Civ. P. 56. See Fed. R. Civ. P. 12(b). Summary judgment under Fed. R. Civ. P. 56(c) "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ." Fed. R. Civ. P. 56(e). Rather, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Id. Judgment is appropriate "as a matter of law" if the nonmoving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999).

### B.     Plaintiff's ADA Claim

The issue of whether an Indian tribe is amenable to private suit under Title III of the ADA was addressed by the Eleventh Circuit in Fla. Paraplegic Ass'n v. Miccosukee Tribe of Indians, 166 F.3d 1126 (11th Cir. 1999). In that case, the Eleventh Circuit recognized the

principle that "Congress abrogates tribal immunity only where the definitive language of the statute itself states an intent either to abolish Indian tribes' common law immunity or to subject tribes to suit under the act." Applying this principle, the Eleventh Circuit concluded that "Congress declined to abrogate Indian tribes' sovereign immunity from suit either by direct statement in Title III [of the ADA] itself or by reference to other statutes having that effect." Id. at 1132. It follows from the Eleventh Circuit's reasoning that sovereign immunity bars private suits which assert claims under Title III of the ADA against federally recognized Indian tribes.

Noting that "whether an Indian tribe is *subject* to a statute and whether the tribe may be *sued* for violating the statute are two entirely different questions," id. at 1130, the Eleventh Circuit also reasoned that "because the ADA is a generally applicable law and because no exception to the presumption that such statutes apply to Indian tribes controls this case, Title III of the ADA governs the Miccosukee Tribe in its operation of its gaming and restaurant facility." Id. at 1129-30. Thus, while the Eleventh Circuit barred *private* enforcement Title III of the ADA against an Indian tribe, it did not rule out the possibility that the statute could be enforced by the United States Attorney General. See id. at 1134.

As Defendant points out, some of the reasoning in the Eleventh Circuit's opinion is not consistent with Tenth Circuit precedent in at least one important respect. The Eleventh Circuit employs a presumption that a statute of general applicability will apply to Indian tribes "absent some superseding indication that Congress did not intend tribes to be subject to that legislation." Id. at 1129. The Tenth Circuit, on the other hand, applies "special

canons of construction to the benefit of Indian interests" in this context. EEOC v. Cherokee Nation, 871 F.2d 937, 939 (10th Cir. 1989).

Under the Tenth Circuit's approach, a statute's [s]ilence as to tribes can constitute a latent or intrinsic ambiguity that only becomes apparent when other facts are considered." NLRB v. Pueblo of San Juan, 276 F.3d 1186, 1196 (10th Cir. 2002) (en banc). Because "'statutes are to be construed liberally in favor of the Indians, with ambiguous provisions interpreted to their benefit,'" id. at 1191 (quoting Montana v. Blackfeet Tribe, 471 U.S. 759, 766 (1985)), a statute's silence as to its applicability to Indian tribes "is not sufficient to establish congressional intent to strip Indian tribes of their retained inherent authority to govern their own territory," id. at 1196. Rather, "[t]he correct presumption is that silence does not work a divestiture of tribal power." Id.

The ADA's statutory language and legislative history are devoid of any significant reference to the statute's effect on Indian tribes. See Fla. Paraplegic Ass'n, 166 F.3d at 1133 n.18. Under Tenth Circuit precedent, the Court presumes from this legislative silence that Congress did not intend to make the ADA applicable in this context because it would intrude upon Defendant's inherent sovereignty. See Pueblo of San Juan, 276 F.3d at 1196; Cherokee Nation, 871 F.2d at 939. Plaintiff has not presented any basis for inferring congressional intent that is sufficient to overcome this presumption. See Cherokee Nation, 871 F.2d at 939. Accordingly, the Court concludes that Title III of the ADA does not apply to Defendant.

While this conclusion is contrary to the Eleventh Circuit's holding with respect to the issue of whether Indian tribes are *subject* to the ADA, see Fla. Paraplegic Ass'n, 166 F.3d

at 1129-30, it does not undermine the Eleventh Circuit's holding with respect to the issue of whether Indian tribes may be *sued* by a private party for violating that statute, see id. at 1133-34.  With regard to the latter issue, the Eleventh Circuit has recognized that sovereign immunity bars private suits to enforce the ADA against an Indian tribe, and the Eleventh Circuit's recognition of sovereign immunity in this context is consistent with the precedent of the Tenth Circuit and the Supreme Court.  Compare id. at 1131 (quoting Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978)), with Ute Distrib. Corp. v. Ute Indian Tribe, 149 F.3d 1260, 1263 (10th Cir. 1998) (quoting same).  Accordingly, the Court further concludes that Plaintiff's ADA claim must be dismissed for lack of subject-matter jurisdiction based on Defendant's sovereign immunity.

In light of the Court's conclusions that Title III of the ADA does not apply to Defendant, and that sovereign immunity bars Plaintiff from bringing a private suit under the ADA in this situation, it is unnecessary to reach Defendant's alternative arguments that monetary damages are unavailable under Title III of the ADA and that TEI is a necessary and indispensable party that cannot be joined under Fed. R. Civ. P. 19.

    **C.**    **Defendant's Claim Under 42 U.S.C. § 1984**

42 U.S.C. § 1984 does not provide Plaintiff with a cause of action in this matter.  As Defendant points out, the Supreme Court has declared the first two sections of this statutory provision to be unconstitutional, see United States v. Singleton, 109 U.S. 3 (1883), and the remaining sections were repealed, see Act of June 25, 1948, ch. 645, § 21, 62 Stat. 862; McDuffy v. Koval, 226 F. Supp. 2d 541, 550-51 (D. Del. 2002).  In his response, Plaintiff

offers nothing to rebut Defendant's argument in this regard or explain his reliance on a statutory provision that is essentially non-existent. Thus, the Court concludes that Plaintiff's claim under 42 U.S.C. § 1984 is subject to dismissal under Fed. R. Civ. P. 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, Defendant's motion must be granted, and this action must be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that Defendants' *Motion and Notice of Motion to Dismiss on Behalf of Pueblo of Santa Ana* [Doc. No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this 18th day of June, 2003, in Albuquerque, New Mexico.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**M. CHRISTINA ARMIJO**
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge